# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL T. LARSEN,[1]
           Appellant,

v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
SF-0752-13-2150-I-1

DATE: September 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Michael T. Larsen, Yucca Valley, California, pro se.

Tracey Rockenbach, Esquire, Washington, D.C., for the agency.

Jay Smith, Camp Pendleton, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Marine Corps Headquarters – Williams II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0166-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).    After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### BACKGROUND

¶2        On June 3, 2013, the agency proposed to furlough the appellant, an Attorney, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on March 1, 2013."   Initial Appeal File (IAF), Tab 4 at 18-20.   The appellant submitted a written reply to the proposal notice.  *Id.* at 16-17.  By written notice dated July 1, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 12-15.  The deciding official also acknowledged his receipt of the written reply and stated that he considered it.  *Id.* at 12.  The agency later reduced the duration of the furlough from 11 days to 6 days.  Department of the Navy Administrative Record for FY 2013 Furlough Appeals (AR), Part 1, Tab 3, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm.    The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on

discontinuous days between July 8, 2013, and September 27, 2013. IAF, Tab 4 at 11.

¶3     The appellant filed a Board appeal challenging the agency's furlough action, and he requested a hearing. IAF, Tab 1. He alleged that the agency violated his due process rights, discriminated against him on the bases of race and age, created a hostile work environment, and subjected him to disparate treatment in applying the furlough. IAF, Tab 1 at 5; Tab 3 at 4; Tab 5 at 4; Tab 9 at 4-5. In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly situated employees. *Marine Corps Headquarters – Williams II v. Department of the Navy*, MSPB Docket No. DC-0752-15-0166-I-1, Consolidation Appeal File, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the furlough. IAF, Tab 13, Initial Decision (ID) at 2, 22. He found that the furlough was a reasonable management solution to the shortage of funds caused by sequestration and that the agency implemented the furlough in a fair and even manner. ID at 15-16, 22. He also found that the appellant did not prove a violation of due process or his other affirmative defenses. ID at 16-22.

¶4     The appellant has filed a petition for review reasserting his claim of a due process violation. Petition for Review (PFR) File, Tab 1 at 5-14. He also argues that the administrative judge erred by not ruling on two of his motions and by not providing him with an opportunity to testify at the hearing. *Id.* at 14-16. The agency has filed a response in opposition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was provided with the required due process.

¶5     In his petition for review, the appellant argues that he was denied due process because the deciding official lacked any actual decision-making authority. PFR File, Tab 1 at 6-14, Tab 4 at 8-10. Procedural due process rights

derive from a property interest in which an individual has a legitimate claim of entitlement. *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 13 (2014). The appellant has a legitimate claim of entitlement to retention in pay status, and thus a property interest, pursuant to 5 U.S.C. §§ 7512(5) and 7513(a), which conditions his placement in a temporary status without duties and pay on such cause as will promote the efficiency of the service. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 13-14. Having found that the appellant has a property interest at stake in this appeal, the question remains as to what process is due, and whether the procedures the agency applied satisfied the mandates of due process. *Id.*, ¶ 14.

¶6        Due process is a flexible concept that calls for such procedural protections as the particular situation demands. *See, e.g.*, *Gajdos*, 121 M.S.P.R. 361, ¶ 18; *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 16, 19 (2014). The appellant does not dispute that he received prior notice and an opportunity to respond, but argues that he was not provided a meaningful opportunity to respond because the deciding official was not empowered to make any decision except to uphold the proposed furlough. PFR File, Tab 1 at 8-13, Tab 4 at 8-10. Due process, however, does not require that the deciding official have the unfettered discretion to take any action he or she believes is appropriate upon considering the proposed adverse action. *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 6 (2015).

¶7        The appellant argues that Deputy Counsel P.D.'s testimony establishes a per se violation of due process and is a distinguishing factor that prevents *Gajdos* from controlling the due process issue. PFR File, Tab 1 at 6-13, Tab 4 at 8-10. We do not agree. P.D.'s testimony does not rebut the agency's administrative record, which establishes that the deciding official had the authority to modify the furlough if he determined that an individual held a position subject to a previously established exception, recommend modification of the furlough if he concluded that the position at issue should be subject to an exception not previously recognized, and adjust the furlough schedule. AR, Part 1, Tab 2, ¶ 12,

Tab 6 at 38 of 135; *see* ID at 9-10; *see also* IAF, Tab 11 at 4-5.  Moreover, the Board has already decided that the agency's policies during the furlough granted the deciding officials sufficient decision-making authority to satisfy the requirements of due process.  *See Rodgers*, 122 M.S.P.R. 559, ¶ 7.

¶8          We also do not agree that the administrative judge erred by not considering P.D.'s testimony on the due process issue.  *See* PFR File, Tab 1 at 5, Tab 4 at 5-8. Although an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table), an initial decision must, among other things, identify all material issues of fact and law and summarize the evidence on each such issue, *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).  Here, we do not find P.D.'s testimony pertinent to the due process issue because it does not refute the agency's grant of decision-making authority to the deciding official.

¶9          For these reasons, we find that the agency provided sufficient due process.

The agency did not commit harmful procedural error in processing the appellant's furlough.

¶10          Although we have found no constitutional violation, we still must consider whether the agency committed harmful procedural error.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999) (stating that, in addition to the protections afforded by the Constitution, public employees are also entitled to "whatever other procedural protections are afforded them by statute, regulation, or agency procedure"); *see also Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 9 (2015).  A harmful procedural error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Pumphrey*, 122 M.S.P.R. 186, ¶ 10; 5 C.F.R. § 1201.4(r).  An agency is required to follow its own rules in effecting an adverse

action, regardless of whether those rules go beyond the requirements of government-wide statutes and regulations. *Rodgers*, 122 M.S.P.R. 559, ¶ 10.

¶11    The appellant has not identified a procedure the agency has violated.  We find that the agency complied with the Office of Personnel Management's procedures under 5 C.F.R. § 752.404 for implementing an adverse action.  *See* IAF, Tab 4 at 12-20, Tab 11 at 4-5.  We also find that the agency complied with the Department of the Navy Administrative Furlough Guidance for Proposing and Deciding Officials.  AR, Part 1, Tab 6 at 32-39 of 135; *see* IAF, Tab 4 at 12-20, Tab 11 at 4-5.  We therefore find that the agency did not commit a harmful procedural error.

The appellant has not identified any adjudicatory error that would warrant a different outcome.

¶12    The appellant asserts that the administrative judge erred by not ruling on two of his motions and by not providing him with an opportunity to testify during the hearing.  PFR File, Tab 1 at 14-16, Tab 4 at 10-12.  An administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981); *see* 5 C.F.R. § 1201.115(c).

¶13    The day before the hearing, the appellant moved for a decision to be made in favor of the appellant without a hearing because of the administrative judge's failure to adjudicate the appeal within 120 days and ex parte communications.  IAF, Tab 10 at 10-11.  He also moved for the administrative judge to take "judicial notice" of these two "facts."  *Id.*  The administrative judge did not rule on these motions.  The Board has recognized that it generally lacks the authority to grant summary judgment.  *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007).  The appellant has not shown that this matter presents circumstances in which summary judgment is appropriate, and thus we discern no prejudicial error.  Additionally, he has failed to explain how he was prejudiced by the administrative judge's failure to take official notice under 5 C.F.R. § 1201.64.

¶14     Moreover, the appellant's claim that the administrative judge violated Board policy by failing to issue an initial decision within 120 days of receipt of his appeal by the regional office does not establish a basis for review because he has not shown that he suffered any harm as a result of this alleged error. *See, e.g.*, *Drayton v. Equal Employment Opportunity Commission*, 11 M.S.P.R. 43, 46 n.2 (1982).

¶15     The appellant's claim that the "MSPB and the Agency must admit to having numerous ex parte communications in order to schedule the furlough cases" also does not provide a basis for review. IAF, Tab 10 at 10-11. Not all ex parte communications are prohibited. 5 C.F.R. § 1201.101(a). Only those ex parte communications that involve the merits of the case or violate rules requiring submissions to be in writing are prohibited. *Id.* Here, even if ex parte communications occurred between the agency and the administrative judge, they concerned the scheduling of the furlough appeals, not the merits of the appeals, and thus were not prohibited. *See Stec v. Office of Personnel Management*, 22 M.S.P.R. 213, 215 (1984).

¶16     For the first time on review, the appellant alleges that the administrative judge denied him the opportunity to testify. PFR File, Tab 1 at 15. An appellant has a statutory right to a hearing, and inherent in this right is the right to testify. *Long v. Department of Transportation*, 17 M.S.P.R. 384, 386 (1983); *see* 5 U.S.C. § 7701(a)(1); *see also* 5 C.F.R. § 1201.24(d). Here, the administrative judge noted in the telephonic prehearing conference summary that the appellant reserved the right to call himself as a witness at the hearing. IAF, Tab 9 at 7. The administrative judge allowed the appellant to present a closing argument, Hearing Compact Disc (HCD), vol. 3 (12:05-12:17), during which he did not object to the end of the hearing or request to testify, HCD, vol. 3 (45:40-50:50). Neither did he submit a post-hearing brief stating his objection. His failure to object to the absence of an opportunity to testify precludes him from doing so on review. *See, e.g.*, *Valverde v. Department of the Army*, 40 M.S.P.R. 380, 383-84

(1989) (finding that the appellant cannot wait until after the adjudication is complete to object for the first time to the administrative judge's conduct at the hearing). He also claims that his substantive rights were prejudiced because his testimony on damages was critical. PFR File, Tab 1 at 15-16. Even assuming that a procedural error occurred, the appellant has failed to show how his substantive rights were prejudiced because he did not prove his discrimination claims and does not raise them on review. *See, e.g.*, *Valverde*, 40 M.S.P.R. at 384.

¶17　　We have reviewed all of the appellant's arguments on review and find that they do not provide a reason to disturb the administrative judge's findings.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[3] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but does not constitute reversible error because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e](#)-5(f) and [29 U.S.C. § 794a](#).


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.